IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAY E. LENTZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20-cv-204-NJR |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Jay E. Lentz, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at Federal Correctional Institution ("FCI")–Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction. Specifically, he challenges his conviction under the Federal Kidnapping Act, 18 U.S.C. 1201(a) and states that he should not have been found guilty under the recent decisions in *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (June 24, 2019) and *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016).

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Given the limited record and the still-developing application of *Davis*, it is not plainly apparent that Lentz is not entitled to habeas relief. Without commenting on the merits of his claims, the Court concludes that his Petition survives preliminary review.

That said, a *Davis* claim may more appropriately be raised in a motion brought under 28 U.S.C. § 2255. That is because relief is only available via a Section 2241 petition when relief under

1

Section 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention," *see* 28 U.S.C. § 2255(e). If *Davis* is ultimately deemed to be a new *constitutional* case rather than a statutory interpretation case, a claim based on *Davis* would not fit within the parameters of Section 2255(e)'s "savings clause," and thus could not be brought under the umbrella of Section 2241. *See In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998) (the first condition for bringing a claim under the savings clause is that the Section 2241 petitioner must rely on a statutory interpretation case rather than a constitutional case); *see also Chazen v. Marske*, __ F.3d __, No. 18-3268, 2019 WL 4254295, at *3 (7th Cir. Sept. 9, 2019); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

The Court notes that the instant Petition was filed pursuant to 28 U.S.C. § 2241 and cannot be re-characterized as a Section 2255 motion. But because the Seventh Circuit Court of Appeals has not yet addressed whether a *Davis* claim may be brought under Section 2241, the Court will allow Lentz to proceed, at least for now, on his theory that a Section 2255 motion is inadequate or ineffective for such a claim.

Further, the Court appoints the Office of the Federal Public Defender to the extent Petitioner raises a claim related to *Davis*. Counsel shall enter an appearance within 14 days. The Court sets the following briefing schedule in accordance with Amended Administrative Order 249: Petitioner's counsel will have 45 days from his or her entry of appearance to file either an amended habeas petition pursuant to *Davis* or a motion to withdraw. If Petitioner's counsel files a motion to withdraw, Petitioner will have 30 days from the date of service to respond to a motion to withdraw. The Government will then have 45 days to file a response to all of Petitioner's arguments. Petitioner will then have 30 days to submit a reply to the Governments response. The Clerk of Court is **DIRECTED** to send Petitioner a copy of Amended Administrative Order 249 (dated September 30, 2019).

Finally, the Court notes that Lentz has identified the United States of America as a Respondent. The proper Respondent for the Petition is the current warden of FCI–Greenville, Warden Eric Williams. The Clerk is **DIRECTED** to substitute Eric Williams in place of the United States on the docket. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS SO ORDERED.**

**DATED:  5/7/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**