UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAY E. LENTZ,

    Petitioner,

  v.                                    Case No. 20-cv-204-JPG

ERIC WILLIAMS,

    Respondent.

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on matters concerning petitioner Jay E. Lentz's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and its supplement (Doc. 15). Lentz is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent Eric Williams is the warden. Lentz is challenging his sentence on the grounds that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Davis*, 139 S. Ct. 2319 (2019), the statute of his conviction is unconstitutionally vague, the instructions given to the jury were erroneous, there was insufficient evidence to convict him, and his counsel provided constitutionally ineffective assistance of counsel at sentencing. Williams has responded to the motion (Doc. 23), and the Court must now set a reply deadline.

    Before setting a deadline for Lentz to reply, the Court considers his two pending motions regarding counsel (Docs. 10 & 22). Before this case was assigned to the undersigned judge, another judge allowed appointed counsel to withdraw and twice declined to appoint new counsel (Docs. 7 & 9). The pending motions seek to change the decisions regarding appointing new counsel, but the Court declines that invitation.

    As a preliminary matter, there is no constitutional right to counsel in habeas corpus case. *Purkey v. United States*, 964 F.3d 603, 614 (7th Cir.), *cert. denied,* 141 S. Ct. 196 (2020). However, in all but the most extraordinary circumstances, the Court has broad discretion under 18 U.S.C.

§ 3006A(a)(2)(B) to appoint counsel for a financially eligible habeas petitioner whenever justice requires. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). Appointment of counsel for a habeas petitioner is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). Under those standards, the Court abuses its discretion in declining to appoint counsel only where, "given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281 (internal quotations and brackets omitted); *see Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010).

Petitioner gives no indication that he has made any attempt to obtain counsel on his own, and his pleadings are readily understandable and literate. Furthermore, in light of the briefing to date, the Court is not convinced that the presence of counsel for the petitioner would have any reasonable chance of affecting the outcome of the case. At this stage, it appears that petitioner is capable of litigating this case himself and would suffer no prejudice from the absence of representation.

Accordingly, the Court:

- **DENIES** Lentz's motion for reconsideration of appointment of counsel (Doc. 10);

- **DENIES** Lentz's motion for recruitment of counsel (Doc. 22); and

- **ORDERS** that Lentz shall have up to and including March 1, 2021, to file a reply brief. Should Lentz require more time in light of COVID-19 restrictions at the prison, he may petition for an extension of time.

**IT IS SO ORDERED.**
**DATED: January 14, 2021**

                                                    s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**