UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAY E. LENTZ,

      Petitioner,

v.

ERIC WILLIAMS,

      Respondent.

Case No. 20-cv-204-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Jay E. Lentz's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and its supplement (Doc. 15). The petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent Eric Williams is the warden. The petitioner is challenging the constitutionality of his confinement on the grounds that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Davis*, 139 S. Ct. 2319 (2019), the statute of his conviction is unconstitutionally vague, the instructions given to the jury were erroneous, there was insufficient evidence to convict him, and his counsel provided constitutionally ineffective assistance of counsel at sentencing. In the supplement to his motion, he also cites *United States v. Booker*, 543 U.S. 220 (2005), which held the mandatory sentencing guidelines were unconstitutional so it made them advisory, and *Strickland v. Washington*, 466 U.S. 668 (1984), which established the test for when counsel is constitutionally ineffective. The respondent has responded to the petition (Doc. 23), and the petitioner has replied to that response (Doc. 25).

**I.**    **Background**

In April 2001, Lentz was charged in the United States District Court for the Eastern District of Virginia with, among other things, kidnapping resulting in death in violation of 18

U.S.C. § 1201(a) (Count 1), the Federal Kidnapping Act. *United States v. Lentz*, 1:01-cr-150-TSE (E.D. Va.). In July 2003, a jury convicted Lentz on that charge and returned a verdict that he should be sentenced to life in prison, but the District Court vacated the conviction and entered judgment of acquittal. *United States v. Lentz*, 275 F. Supp. 2d 723, 731 (4th Cir. 2004). On appeal, the Court of Appeals for the Fourth Circuit reversed the judgment of acquittal and remanded the case for a new trial. *United States v. Lentz*, 383 F.3d 191 (4th Cir. 2004). In March 2006, a jury again convicted Lentz and again recommended a life sentence, which the District Court later imposed. This time, the Court of Appeals affirmed the conviction and life sentence. *United States v. Lentz*, 524 F.3d 501 (4th Cir.), *cert. denied*, 555 U.S. 928 (2008). The sentencing guidelines played no role in the determination of Lentz's life sentence; it was determined by a jury recommendation of the lesser of the only possible statutory sentences—life in prison or death. 18 U.S.C. § 1201(a).

In 2009, Lentz filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *Lentz v. United States*, 1:09-cv-788-TSE (E.D. Va.). The District Court denied that motion in May 2011. Lentz did not receive a certificate of appealability, so that decision was not reviewed on appeal. *United States v. Lentz*, 458 F. App'x 272 (4th Cir. 2011), *cert. denied*, 568 U.S. 1133 (2013). In late 2018, Lentz sought leave from the Fourth Circuit Court of Appeals to file a successive § 2255 motion arguing that the statute of his conviction, 18 U.S.C. § 1201(a), was unconstitutionally vague. *In re Lentz*, No. 18-416 (4th Cir.). The Court of Appeals denied the motion.

In May 2019, back in his criminal case, Lentz sought further relief from judgment based on *Johnson v. United States*, 576 U.S. 591 (2015), *Sessions* v. *Dimaya*, 138 S. Ct. 1204 (2018), and *Mathis v. United States*, 136 S. Ct. 2243 (2016) under Federal Rule of Civil Procedure 60(b).

The District Court construed this as an unauthorized second § 2255 motion and denied it.[1]

## II.     Pending § 2241 Petition

As noted above, Lentz believes he can now seek relief under § 2241 in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Davis*, 139 S. Ct. 2319 (2019), as well as a variety of other arguments.  The respondent argues that § 2241 is not available to the petitioner to grieve his conviction.

To begin, a quick review of *Mathis* and *Davis* would be helpful.  These two cases concern use of the categorical approach to determining whether a conviction qualifies to justify or increase a sentence.  *Shular v. United States*, 140 S. Ct. 779, 783 (2020); *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020), *cert. denied,* 141 S. Ct. 1239 (Jan. 19, 2021).  Under the categorical approach, the Court looks only at the statutory definition of the offense, not the actual facts that led to the conviction.  *Shular*, 140 S. Ct. at 783.  The categorical approach is used in two different circumstances:  (1) where the definition of the conviction is expressed as a certain crime and (2) where the definition of the conviction is expressed using some other criterion.  *Id.* The Court of Appeals for the Seventh Circuit has referred to these two applications of the categorical approach as the "generic-offense method" and the "conduct-based method."  *Ruth*, 966 F.3d at 646.

*Mathis*, decided June 23, 2016, addressed the use of the categorical approach as the "generic-offense method"—burglary, to be specific.  There, the question was whether an Iowa conviction for burglary qualified under the Armed Career Criminal Act's ("ACCA") definition of a "violent felony," which it defined to include "burglary."  *See* 18 U.S.C. § 924(e)(2)(B)(ii).

---

[1] Lentz has an ongoing criminal appeal.  *United States v. Lentz*, No. 20-7506 (4th Cir.).  Based on recent filings in the criminal case, the Court believes that appeal is not related to the issues Lentz raises in his § 2241 petition.

3

The *Mathis* Court looked at the generic definition of burglary identified in *Taylor v. United States*, 495 U.S. 575, 598-99 (1990), and then compared the elements of generic burglary with the elements of Iowa burglary. *Mathis*, 136 S. Ct. at 2251. It concluded that Iowa burglary covered more conduct (entering vehicles) than generic burglary (entering only buildings or structures), so an Iowa burglary conviction did not necessarily mean the perpetrator had committed generic burglary such that it should qualify as a prior "violent felony" under the ACCA. *Id.*

*Davis*, decided June 24, 2019, applies the "conduct-based method" of the categorical approach. There, the question was whether an offense was a "crime of violence" for purposes of establishing an element of the offense of using, carrying, or possessing a firearm "during and in relation to a crime of violence" under 18 U.S.C. 924(c)(1)(A)(iii). The statute defined a "crime of violence" to include a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The *Davis* court decided that the categorial approach was appropriate and that, under that approach, this clause, often referred to as the "residual clause," was unconstitutionally vague and could not be used to define a "crime of violence" for § 924(c)(1)(A) purposes. *Davis*, 139 S. Ct. at 2336.

The *Davis* Court relied on its decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions* v. *Dimaya*, 138 S. Ct. 1204 (2018), which found, respectively, that similar "residual" clauses in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), and in one of the definition provisions of the criminal code, 18 U.S.C. § 16(b), were unconstitutionally vague. *Davis*, 139 S. Ct. at 2325-26. This was because those residual clauses required courts to use the "categorical approach"—in which a court disregards how a defendant actually committed a prior crime and

instead looks to an idealized "ordinary case" of that crime—to determine whether it posed the kind of risk set forth in the residual clause. *Id.* at 2326 (citing *Johnson*, 576 U.S. at 596; *Dimaya*, 138 S. Ct. at 1211-12). That "judicial inquiry produced 'more unpredictability and arbitrariness' when it comes to specifying unlawful conduct than the Constitution allows." *Davis*, 139 S. Ct. at 2326 (citing *Johnson*, 576 U.S. at 597-98). The *Davis* Court held that § 924(c)(3)(B) called for the categorical approach, and for the reasons set forth in *Johnson* and *Dimaya*, application of that approach renders the residual clause unconstitutionally vague.

In the supplement to his petition, Lentz argues he is entitled to relief in light of *United States v. Booker*, 543 U.S. 220 (2005). *Booker* held that mandatory sentencing guidelines where a judge makes factual findings that increase the sentencing range violates the Sixth Amendment right to a jury trial. *Id.* at 701-02.

**III.    Analysis**

For the following reasons, the Court finds § 2241 is not available to the petitioner to challenge his confinement. Generally, an inmate must bring a challenge to his sentence in a § 2255 motion in the district of his conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). However, there is an exception to this rule under the "savings clause," § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion "is inadequate or ineffective to test the legality of his detention." A § 2255 motion is "inadequate or ineffective" to raise a challenge if the petitioner did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). This occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have

invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

The petitioner fails the *Davenport* test in two respects,  First, *Davis* is in its essence a constitutional decision, although it answers questions of statutory interpretation.  It is true that much of the decision involved the meaning of the residual clause, § 924(c)(3)(B), and the Supreme Court itself stated that "the real question before us turns out to be one of pure statutory interpretation," *Davis*, 139 S. Ct. at 2327.  "At bottom, though, *Davis* announced a constitutional decision.  The Supreme Court said as much, expressly 'agree[ing] with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague.'" *Higgs v. Watson*, 984 F.3d 1235, 1240 (7th Cir. 2021) (citing *Davis*, 139 S. Ct. at 2336).  Because *Davis* is a constitutional decision, § 2255 is not "inadequate or ineffective to test the legality of [a petitioner's] detention," and the petitioner's challenge is not cognizable under § 2241 through § 2255(e)'s savings clause. *See Higgs*, 984 F.3d at 1240.

It is true that Lentz may have been unsuccessful in trying to raise his *Mathis/Davis* argument in a successive § 2255 motion—after all, the Court of Appeals denied him permission to file such a motion based on *Mathis* and its predecessors.  However, § 2255 is not inadequate or ineffective to test the legality of the petitioner's detention in light of *Mathis* or *Davis* because of a structural defect.  *See, e.g., In re Braxton*, Case No. 19-3737 (6th Cir. January 10, 2020) (granting leave to file successive petition based on *Davis*); *Trumbo v. Sproul*, No. 19-CV-1239-SMY, 2020 WL 3414619, at *2 (S.D. Ill. June 22, 2020) ("a claim based on *Davis* could be raised in a successive § 2255 motion if permission is timely sought and obtained").  On the contrary, a bid to file a successive petition was unsuccessful for the petitioner because those

cases simply have no application to his conviction. *See Hall v. Watson*, 829 F. App'x 719, 720 (7th Cir. 2020) (noting that "inadequate or ineffective" mean something more than simply "unsuccessful").

Lentz was convicted under 18 U.S.C. § 1201(a) (1996), which states in pertinent part:

Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . when—

(1) the person is willfully transported in interstate or foreign commerce;

\* \* \*

. . . if the death of any person results, shall be punished by death or life imprisonment.

Conviction under this statute does not appear to rely in any way on an unconstitutionally vague definition of a "crime of violence," "violent felony," or any other phrase susceptible to the historical infirmities attending the categorical approach. Indeed, Lentz has nor explained how *Mathis* or *Davis* impact his conviction or sentence. Instead, Lentz cites generally the constitution's prohibition on vague criminal laws, an argument that was available to him on direct appeal and in his § 2255 motion. *See Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (explaining the void-for-vagueness doctrine as applied to criminal statutes). Had the issue been whether his kidnapping crime *itself* constituted a crime of violence for some other purpose, the Court might take a different view, but that is not the relevant question.

Because the principles central to *Mathis* and *Davis* have no application to Lentz's conviction, the Court finds no miscarriage of justice e, the third *Davenport* requirement for access to § 2241 through the § 2255(e) savings clause. Neither *Mathis* nor *Davis* have any application to Lentz's offense.[2]

---

[2] To the extent Lentz relies in his § 2241 petition on *United States v. Booker*, 543 U.S. 220 (2005), and *Strickland v. Washington*, 466 U.S. 668 (1984), those cases predate his 2009 § 2255

**IV.     Conclusion**

For the foregoing reasons, the Court **DISMISSES** Lentz's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Docs. 1 & 15) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  April 21, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

motion, so he could have raised those arguments in that motion. Thus, with respect to those arguments, he fails to satisfy the second *Davenport* requirement.