UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAY E. LENTZ,

    Petitioner,

v.

ERIC WILLIAMS,

    Respondent.

Case No. 20-cv-204-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Jay E. Lentz's motion for reconsideration (Docs. 28, 29 & 30) of the Court's April 21, 2021, order and judgment (Docs. 26 & 27) dismissing his petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and its supplement (Doc. 15). In his original petition, Lentz challenged the constitutionality of his federal confinement on a variety of grounds: the statute of his conviction is unconstitutionally vague, the instructions given to the jury were erroneous, there was insufficient evidence to convict him, his counsel provided constitutionally ineffective assistance of counsel at sentencing, and mandatory federal sentencing guidelines are unconstitutional. He relied on *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Davis*, 139 S. Ct. 2319 (2019), as authority supporting his use of § 2241. The Court dismissed his petition because § 2241 was not available to Lentz to challenge his confinement because it did not rely on a statutory interpretation case and because there was no miscarriage of justice revealed by *Mathis* or *Davis*. *See Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (citing *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). In Lentz's current filings, he seeks reconsideration of these conclusions. Lentz has offered no sufficient reason to reconsider the Court's prior order.

As a preliminary matter, the Court construes Lentz's motion as a motion for relief from

judgment under Federal Rule of Civil Procedure 60(b) because it was filed more than 28 days after entry of judgment.  Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b).  *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion.").  The Court may not extend this 28-day period.  Fed. R. Civ. P. 6(b)(2).  The Court entered judgment on April 21, 2021, and Lentz placed his motion in the prison mail system for filing on or around June 17, 2021, long past the 28-day deadline.  Therefore, it is a Rule 60(b) motion.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).  The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).  It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision.  *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4

F.3d 997 (7th Cir. 1993) (Table).  Rather, it is a collateral attack on a judgment, and the grounds for that attack must be something other than an argument that could have been used to obtain reversal on direct appeal.  *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009).

In his motion and its supplements, Lentz rehashes the many errors that he has already asserted occurred in the trial of his criminal case.  He attempts to explain the relevance of *Mathis*, *Davis*, and other cases to those claims of error.  However, the Court is not convinced that, under the *Davenport* test, § 2241 is available to him.  Lentz has not pointed to any exceptional or special circumstances that amount to anything other than a mere disagreement about the Court's legal conclusions.  This is not enough to warrant the extraordinary remedy of relief from judgment.

For these reasons, the Court **DENIES** Lentz's motion for reconsideration (Doc. 28).

**IT IS SO ORDERED.**
**DATED:  November 8, 2021**

                                                      s/ J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **DISTRICT JUDGE**